IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-68-FL-1
NO. 4:16-CV-112-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRANDON JAMAR BELL | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 176) and corrected motion to vacate (DE 178) and the government's motion to dismiss (DE 181). The issues raised are ripe for ruling. For the reasons that follow this court grants the government's motion to dismiss and dismisses petitioner's motions to vacate.

## BACKGROUND

On September 11, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On May 7, 2013, the court sentenced petitioner to 195 months imprisonment. Petitioner did not appeal this judgment.

On June 20, 2016, petitioner through counsel filed a motion under 28 U.S.C. § 2255 challenging his career offender status pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). On March 20, 2017, petitioner voluntarily dismissed his § 2255 motion without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

On June 26, 2017 and July 13, 2017, petitioner filed pro se the instant § 2255 motion and

amended motion.[1]  Petitioner raises the following claims, all of which are challenges to his designation as a career offender under the Sentencing Guidelines: 1) his sentence was unconstitutional because North Carolina assault inflicting serious bodily injury ("AISBI") is not a crime of violence for purposes of the guidelines; 2) his sentencing enhancement violates due process; and 3) petitioner is actually innocent of being a career offender.  The government filed the instant motion to dismiss on August 21, 2017, arguing that petitioner's claims are untimely and cannot be pursued on collateral review.

## COURT'S DISCUSSION

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.      Analysis

1.      Petitioner's claims are untimely.

Petitioner's claims are untimely and therefore must be dismissed.  A one-year period of limitation applies to § 2255 motions.  See 28 U.S.C. § 2255(f).  The limitation period shall run from the latest of:

---

[1]  The first motion was filed on the incorrect form.

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on May 7, 2013. (See DE 76). Judgment became final after the time period for appeal expired in May 2013, and the limitation period ran until May 2014. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255 motion on June 26, 2017. (See DE 176). Thus, petitioner was more than one year out-of-time under § 2255(f)(1).

Petitioner has also failed to show that his claim is timely pursuant to § 2255(f)(3). Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. This holding applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

§ 2255(f)(3) allows for an additional one-year limitations period to run from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review if the defendant relies on that decision to support the claimed relief. Id. at § 2255(f)(3). The Fourth Circuit has held that a defendant relies on Johnson if his ACCA sentence "may have been predicated

on application of the now-void residual clause." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017). However, petitioner's Johnson claim is not timely under § 2255(f)(3) because it was not filed within one year of the Supreme Court's decision in Johnson, which issued on June 26, 2015. Therefore, petitioner has not satisfied § 2255(f)(3).[2]

Petitioner also fails to show that he is entitled to equitable tolling. In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show: (a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248–50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Johnson claim. Because the claim is untimely, petitioner's motion to vacate must be dismissed.

---

[2] Although petitioner previously filed a timely motion based on Johnson and 28 U.S.C. 2255(f)(3), petitioner voluntarily dismissed that motion. (See DE 158, 175).

2.      Petitioner's claims fail on the merits.

Even if petitioner's claims were timely, those claims fail on the merits.  Petitioner was sentenced pursuant to the sentencing guidelines and not the ACCA, the statutory scheme addressed by the Supreme Court in Johnson.  As stated above, in Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague.  135 S. Ct. at 2563.  The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S. Ct. 8894 (2017).  Therefore, the residual clause of the former sentencing guidelines is not void for vagueness.[3]  Id. at 892.  Because petitioner was sentenced pursuant to the sentencing guidelines and not the ACCA, petitioner's Johnson claim fails.

Additionally, petitioner was properly designated as a career offender under the sentencing guidelines.  A defendant is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  USSG 4B1.1.  Here, only the third requirement is in dispute in that petitioner argues that his North Carolina felony conviction for AISBI does not qualify as a predicate offense.[4]

At the time of petitioner's sentencing, § 4B1.2 defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion,

---

[3]  The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

[4]  Petitioner does not dispute he has one prior felony conviction for a controlled substance offense.  Petitioner pleaded guilty to one felony count of selling or delivering schedule II controlled substance and was sentenced to 15 to 18 months.  (PSR (DE 50) at 8).

> involves use of explosives, or <u>otherwise involves conduct that presents a serious</u>
> <u>potential risk of physical injury to another</u>.

USSG § 4B1.2(a) (emphasis added to the "residual clause"). Section 4B1.2(a)(1) involves the "force clause" and § 4B1.2(a)(2) involves the residual clause. The Fourth Circuit has recently held that under North Carolina law, a prior conviction for AISBI qualifies as a crime of violence under the residual clause of the guidelines applicable to petitioner. <u>See</u> <u>United States v. Thompson</u>, 874 F.3d 412, 417–18 (4th Cir. 2017) ("Accordingly, Thompson's prior AISBI conviction constituted a crime of violence under the residual clause of the applicable guideline").

Finally, the court notes that petitioner was sentenced well below the applicable advisory sentencing guidelines range even if he had not been designated a career offender. As a result of career offender designation, petitioner's criminal history category was adjusted from level V to level VI and the sentencing guidelines range moved from 262-327 to 292-365 months in prison.[5] (DE 72 at 15). Petitioner was sentenced well below either of these ranges to 195 months in prison, (DE 76), which was subsequently reduced to 175 months in prison, (DE 154).

B.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability

---

[5] No chapter four enhancements were applied in that petitioner's offense level was greater than the offense level determined by 4B1.1. (DE 72 at 14).

is not warranted.

## CONCLUSION

Based on the foregoing, this court DISMISSES petitioner's motions to vacate (DE 176, 178) and GRANTS the government's motion to dismiss (DE 181). This court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge