IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-68-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRANDON JAMAR BELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to reduce sentence pursuant to the First Step Act of 2018 (DE 201). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). The court, however, may not reduce the defendant's sentence if the sentence previously was imposed or reduced in accordance with the Fair Sentencing Act. Id. § 404(c).

Here, indictment filed May 23, 2012, charged defendant with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base. (DE 1). Under the Fair Sentencing Act, 280 grams of cocaine base is the amount required to trigger the statutory penalty of 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). On May 7, 2013, the court sentenced defendant to 195 months' imprisonment, within the statutory penalty range applicable

under the Fair Sentencing Act.[1] (Judgment (DE 76)). Defendant therefore is ineligible for a sentence reduction under § 404 of the First Step Act because he previously was sentenced in accordance with the Fair Sentencing Act. See First Step Act § 404(c). Accordingly, defendant's instant motion for sentence reduction (DE 201) is DENIED.

SO ORDERED, this the 21st day of December, 2020.

                                                                        LOUISE W. FLANAGAN
                                                                         United States District Judge

---

[1] On March 15, 2016, the court reduced defendant's custodial sentence to 175 months' imprisonment pursuant to retroactive amendments to the United States Sentencing Guidelines. (See Mar. 15, 2016, order (DE 154)).